IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEAN M. STEVENS,

    Plaintiff,

v.

NICK BAKER AND CATHOLIC CHARITIES,

    Defendants.

No. C 12-02519 SBA (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff Dean M. Stevens filed a pro se civil rights complaint under 42 U.S.C. § 1983 against Nick Baker, the director of the Homeless Services Center in the City of Santa Rosa. He has also filed an application for in forma pauperis status, which will be granted in a separate written Order. Thereafter, Plaintiff filed an amended complaint in which he added the following Defendant: the Catholic Charities of the Diocese of Santa Rosa (Catholic Charities).

Venue is proper in this district because the acts complained of occurred in Sonoma County, which is located in this judicial district. See 28 U.S.C. § 1391(b).

## DISCUSSION

**I.    Legal Standard**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A claim that is totally incomprehensible may be dismissed as

frivolous as it is without an arguable basis in law. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989).

## II. Legal Claims

Plaintiff names private Defendants Baker and Catholic Charities. Plaintiff claims that Defendant Baker "jumped on [Plaintiff] from behin[d] . . . [with] his arm around [Plaintiff's] neck choking [Plaintiff] and [causing] injury to [Plaintiff's] neck and back." (Compl. at 3.) The Court notes that Plaintiff did not indicate when this incident took place.

In his amended complaint, Plaintiff adds Defendant Catholic Charities as a Defendant, but does not give any further explanation. Plaintiff does not allege facts demonstrating that Defendant Catholic Charities violated his federal rights, but the Court presumes Plaintiff is claiming that this Defendant is liable based on the conduct of Defendant Baker. There is, however, no respondeat superior liability under § 1983 solely because a defendant is responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id. A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

Nevertheless, overall, Plaintiff fails to state a cognizable federal civil rights claim under § 1983 because he does not allege that Defendants were acting under color of state law. A person acts under color of state law if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West, 487 U.S. at 49 (citation and internal quotation marks omitted). A private individual generally does not act under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974). Simply put: there is no right to be free from the infliction of constitutional deprivations by private individuals. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). Action taken by private individuals or organizations may be under color of state law "if,

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  though only if, there is such a close nexus between the State and the challenged action that
2  seemingly private behavior may be fairly treated as that of the State itself." Brentwood Academy v.
3  Tennessee Secondary Sch. Athletic Ass'n, 121 S. Ct. 924, 930 (2001) (internal quotation marks
4  omitted). The Supreme Court has found state action when a challenged activity results from the
5  state's exercise of coercive power; when the state provides significant encouragement for the
6  activity; or when a private actor operates as a willful participant in joint activity with the state. See
7  id. at 930.

8  Plaintiff alleges no facts suggesting that the conduct of Defendants, comprised of a private
9  individual as well as a private organization, could fairly be treated as conduct of the State itself.
10 Therefore, Plaintiff's § 1983 claims against Defendants are DISMISSED with leave to amend.
11 Plaintiff may reassert the claims in a second amended complaint only if he can in good faith allege
12 facts demonstrating that they acted under color of state law. In addition, Plaintiff must specify when
13 the alleged incident took place. He must also allege supervisory liability against Defendant Catholic
14 Charities, if he can do so in good faith, under the standards explained above. Sweeping conclusory
15 allegations will not suffice; Plaintiff must instead "set forth specific facts as to each individual
16 defendant's" deprivation of protected rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988)
17 (liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the
18 defendant proximately caused the deprivation of a federally protected right). Alternatively, Plaintiff
19 may choose to assert state law tort claims (e.g., for assault) against Defendants in state court.

20 **CONCLUSION**

21 For the foregoing reasons, the Court orders Plaintiff to file a second amended complaint
22 within **twenty-eight (28) days** from the date of this Order, as set forth above. Plaintiff must use the
23 attached civil rights form, write the case number for this action -- C 12-2519 SBA (PR) -- on the
24 form, clearly label the complaint "Second Amended Complaint," and complete all sections of the
25 form. Because the second amended complaint completely replaces the original and amended
26 complaints, Plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet,
27 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original and
28

3

1 amended complaints by reference. **The failure to file a second amended complaint will result in
2 the dismissal of this action without prejudice.**

3       The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this
4 Order.

5       IT IS SO ORDERED.

6 DATED: 7/17/12

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DEAN STEVENS,

        Plaintiff,

  v.

NICK BAKER et al,

        Defendant.

Case Number: CV12-02519 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 18, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dean M. Stevens 10061857
Sonoma County Jail
3777 Ventura Avenue
Santa Rosa, CA 95403

Dated: July 18, 2012

                                      Richard W. Wieking, Clerk
                                      By: Lisa Clark, Deputy Clerk